WILLIAM SILVERTHORNE, TREASURER OF THE TOWN OF BELVIDERE, IN THE COUNTY OF WARREN, v. THE WARREN RAILROAD COMPANY.

The prosecutor, W. S., alleges in his writ of *mandamus*, that he " is now the treasurer of said town of Belvidere, and, as such treasurer, is now authorized by law to receive the taxes," &c.   The return to the writ, *inter alia*, traverses the allegation, and certifies and returns " that the said W. S. was not, on the 16th day of May, 1868, being the day on which the said alternative writ of *mandamus* was tested and was issued, the treasurer of the said town of Belvidere, nor was he, as such treas-urer, authorized by law to receive the said taxes."

Upon the general *demurrer* to this return, the court *held*—

1. That the effect of the pleading was to admit that at the time of issuing the writ the prosecutor had no standing in court.

2. That the traverse was a direct negation, not merely in form and sub-

stance, but in fact, of the whole averment in that respect, contained in the writ.

3. The return was conclusive that the prosecutor was not treasurer when the writ issued, and there was nothing on the record to manifest that he ever afterwards filled that post.

4. That a right must exist in the prosecutor when the writ of *mandamus* issues, and if he had no right, then the proceeding is substantially defective, and judgment must be for the defendant.

5. The cause having been fully discussed, and heard on the merits, the court (for the purpose of shortening this litigation) expressed their opinion upon them, and *held*—

That the defence set up in the return against the tax in question, of inability to pay the same, was disproved by the facts appearing on the record, and that if the merits were to be disposed of, the return would present no adequate reason against issuing a peremptory *mandamus*

On *demurrer* to a return to a writ of *mandamus*.

For the facts of the case and former proceedings had on it in this court, and also in the Court of Appeals, *vide ante p.* 173; and also 3 *Vroom* 134, 441, 566; *S. C., nomine Person, Treasurer, &c.,* v. *The Warren Railroad Company.*

The *demurrer* was argued in presence of the CHIEF JUSTICE, and Justices DALRIMPLE and BEDLE.

For the demurrant, *J. Vanatta.*

Contra, *J. G. Shipman.*

BEASLEY, CHIEF JUSTICE. This writ of *mandamus* sets forth the following material facts, viz., that the assessor of the town of Belvidere assessed certain taxes against the Warren Railroad Company, and that such assessment was affirmed, first on appeal to the commissioners, and afterwards, on *certiorari* and writ of error, by the Supreme Court and Court of Errors; that subsequently, such taxes being unpaid, they were demanded of the defendants, who had no property out of which this claim could be made, and that the

town collector, to whom these taxes had been payable, was out of office. The right of the prosecutor is alleged in these words: "And William Silverthorne is now the treasurer of the said town of Belvidere, and as such treasurer, is now authorized by law to receive the same said taxes." The command of the writ is to pay such taxes to "said William Silverthorne, as treasurer as aforesaid," &c.

In the return which has been put in to this writ, the right of the prosecutor is traversed, as follows, to wit: "And the said the Warren Railroad Company further certify and return, that the said William Silverthorne was not, on the 16th day of May, 1868, being the day on which the said alternative writ of *mandamus* was tested and was issued, the treasurer of the said town of Belvidere, nor was he, as such treasurer, authorized by law to receive the said taxes." To this return, which contains other matters by way of defence, which it is not at present necessary to notice, a general *demurrer* has been filed.

The effect of this course of pleading is to admit the fact that at the time of the issuing of this writ of *mandamus*, the prosecutor had no standing in court. It is now conceded, that then he had no right to ask for this writ, and, it is clear, that if the circumstances had been known, it would not have been granted to him. In fact, it now appears by the confession of the prosecutor himself, that the court, under a misconception induced by his own statements, ordered these moneys paid to him, when, in truth, he held no office which gave him any claim to them. Clearly, there is an error in the proceeding, the only question for consideration being whether it is one of form or of substance.

The writ commands the payment of these moneys to Mr. Silverthorne, as treasurer of the town; it is therefore a material matter that it should be shown that he held that office at least some time during the running of the *mandamus*, for otherwise the precept of the court could not be properly obeyed. The return is now conclusive, that he was not such officer when the writ issued. What then is there on this

record to manifest that he ever afterwards filled that post? Upon the argument it was urged that the denial in the return, of his official character at the *teste* of the *mandamus*, was a negative pregnant, which raised a presumption that subsequently he was the incumbent of the office. But I am not aware that a negative pregnant has ever been used to amplify the averments of the pleading which it is designed to answer. The legal rule applying to these ambiguous traverses has never been extended beyond the doctrine that from them an implication will arise of an affirmative, with regard to an averment, or to some part of an averment, contained in the opposing pleading. Their effect is not to add to such pleading any matter not contained in it; and this seems precisely the use in the present case which appears to be made of the present traverse. The writ does not allege or imply that after the date of its *teste*, Mr. Silverthorne was to become invested with the office of treasurer; but it is said we are to infer this, from the fact that the defendant does not show that he did not come to that office, and that it is denied that he was such officer when the writ issued. Such a use of the rule in question goes beyond all precedent. Nor is it by any means clear, that the traverse, in the present instance, has the fault of ambiguity attributed to it. It is a direct negation, not only in form but in substance, of the allegation to which it applies. It is an answer, not merely in semblance but in fact, of the whole of the averment, in this respect, contained in the writ. It denies the entire title to these moneys which the prosecutor has made in his own behalf; and out of such a denial I am not able to perceive how a different and better title is to be constructed for him. In such cases, the rule of pleading appears to be that as the prosecutor is supposed to know his own title best, he is bound by the terms in which he alleges it, and, consequently, it is enough to deny, in the return, the title, as he states it. Accordingly where the writ suggested that A was chosen to office in Easter week, a return which traversed that A was so elected, has been held good. *Rex* v. *Penrice, Stra.*

1235. The following are likewise cases in which the same rule was applied under a variety of circumstances : *Lambert's Case, Carth.* 170 ; *Rex* v. *Hill,* 1 *Show.* 253 ; *R.* v. *Mayor of Windsor,* 6 *Q. B.* 908 ; *Tapping on Mand.* 393, *n. d.*

If these cases are to be received as authorities, it would appear to follow that the present traverse of the right of the prosecutor to be assisted by the *mandamus* is correct, both in form and substance, and that, therefore, no hostile inference can be drawn from it. Before leaving this subject it is proper also to remark, that, in modern times, the rule of pleading touching a negative pregnant has been applied with much relaxation. *Stephen's Pl.* 383.

But it seems to me this return, in the particular under consideration, may be placed on much broader ground. Let us admit that it may be inferred from the form of this traverse, that Mr. Silverthorne became treasurer after the issuing of this *mandamus,* does this fact help his case ? If it does, then we establish this rule, that although a prosecutor has no legal ground when the writ issues, but acquires such right before its return, the proceedings will stand. This seems to conflict with all usual rules  The general, if not the universal rule is, that the actor in all legal proceedings must be invested with the right which he seeks to enforce at the time of the inception of the suit. The subsequent acquisition of such right amounts to nothing for the purposes of the pending action. The writ of *mandamus* occupies the place of a declaration in an ordinary suit, and it should be tested by the same *criteria.* Suppose it should appear, the point being properly raised, that an administrator had not taken out his letters at the time of putting in his declaration ? Would it be any reply to show that he acquired such official standing at a subsequent period ? No one will pretend this. And yet how does such an incapacity differ from that exhibited by the present prosecutor. I have endeavored to discriminate, but have failed to do so. At first I leaned toward the suggestion that the town of Belvidere was the substantial prosecutor, and that Mr. Silverthorne,

whether treasurer or not, might be looked upon as the agent of the corporation. But this record does not admit of such a construction. Mr. Silverthorne is the sole prosecutor of this suit, and, as he was not treasurer of the town when he applied for it, there is not the slightest pretence for holding that the corporate body has taken any part in this proceeding. I do not see how the fault is to be amended ; it seems radical and incurable. We have been pointed to no case, nor have I found any which sustains the position, that a prosecutor of a *mandamus* can validate an illegal commencement of the proceedings by an after acquired right. The present case must be placed on some common ground. Some general rule must be stated, and I think the correct one is, that a right must exist in the prosecutor when the writ of *mandamus* is issued, and that if he has no right, then the proceeding is substantially defective. The opposite theory is inconsistent with the primary principles on which these writs are issued. It is a fundamental requirement that the party seeking this kind of assistance, must, before his application to the court, do all in his power to obtain redress, and hence the writ must aver a demand of his right, and a refusal by the defendant. *Tapping on Mandamus* 282–323, and cases cited. But if the prosecutor be clothed with no right, both the demand on his part, and the refusal on the part of the defendant are mere nugatory acts, and no ground is shown for the intervention of the court.

And it is further to be remarked that it may well be doubted whether Mr. Silverthorne, even if treasurer at the inception of this proceeding, would have been entitled to receive these moneys. Where a collector fails to make a tax, his successor in office seems to be the proper person to effect its collection. 4 *Nix. Dig.* 958, *pl.* 121.*

But be this as it may, in my opinion the averment in the return, which denies the right of the prosecutor at the time the writ issued, is an answer to the materiality of the case made against the defendants, and must defeat the proceeding.

* *Rev.*, p. 1161, § 97.

The defendants, on this ground, are entitled to judgment on the demurrer.

This view disposes of this case in its present form. But as the merits were fully discussed, it may be well, as such a step may tend to shorten the course of this litigation, for the court to express an opinion as to them. The defence set up in the return against the payment of the tax in question, is the pecuniary inability of the defendants. We think this assumption is entirely disproved by the facts now before us, on this record. It clearly appears that the defendants are the owners of the reversion of the entire real estate, constituting the bed of their road. This appears to be so valuable a property that the right to it must, of necessity, disprove any plea of present insolvency. But more than this, the defendants, we cannot doubt, have a right, in view of the existence of debts, to require the rents reserved on the lease given by them to the Delaware and Lackawanna Railroad Company, to be paid to them, instead of to their stockholders. There is no legal magic whereby a corporation can turn over the earnings of its property to its stockholders, in the shape of dividends, leaving its debts unpaid. We are all of opinion that either of these sources will afford ample means to satisfy the tax in dispute, and that, consequently, if the merits were to be disposed of, the return would present no adequate reason against issuing a peremptory *mandamus*.

Justices BEDLE and DALRIMPLE, concurred.

CITED *in State, Trustees, &c., pros., v. Lewis,* 6 *Vr.* 380.